TIMOTHY D. BARROW, ESQ.
Grist Mill Square, Suite 3
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

ASPEN AMERICAN INSURANCE COMPANY, :

        *Document Electronically Filed*

        Plaintiff, :    CIVIL ACTION No.

v.

M/V MSC TOMOKO, her engines, tackle, :
appurtenances, etc., *in rem,* and
MEDITERANNEAN SHIPPING COMPANY S.A.,
and H & M INTERNATIONAL TRANSP., INC.,
*in personam,*

        Defendants :

        **VERIFIED COMPLAINT
        IN ADMIRALTY**

---

The Plaintiff herein, by its attorney, Timothy D. Barrow, complaining of the above Defendants, verifies upon information and belief as follows:

## THE PARTIES

1. At and during all times hereinafter mentioned, Plaintiff ASPEN AMERICAN INSURANCE COMPANY, is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 101 Hudson Street, Jersey City, New Jersey 07302.

2. At and during all times hereinafter mentioned, Defendant MEDITERRANEAN SHIPPING COMPANY S.A. is a corporation or other business entity organized and existing under and by virtue of the laws of another country and does business in the State of New Jersey by and through its general agents, Mediterranean Shipping Company (USA) Inc., which has an office and place of business located at 160 Mount Bethel Road, Warren, New Jersey 07030.

3. At and during all times hereinafter mentioned, Defendant H & M INTERNATIONAL, INC. is a corporation or other business entity organized and existing under and by virtue of the laws of the State of New Jersey with an office and place of business located at 700 Belleville Turnpike, Kearny, New Jersey 07032.

4. Plaintiff brings this action as the subrogated insurer of the subject cargo in suit and is entitled to maintain this action and also does so for and on behalf of the shipper, consignee and/or owner of the subject cargo as their interests may appear.

5. Defendant vessel MSC TOMOKO is or will be within this District during the pendency of this action likely calling at the Port Newark Container Terminal, Newark, New Jersey.

6. Defendant MEDITERRANEAN SHIPPING COMPANY S.A. is a vessel operating common carrier and/ or contract carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

7. Defendant H & M INTERNATIONAL TRANSPORTATION, INC. provides motor carrier, warehouse and customs exam station services of cargo received and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

## JURISDICTION AND VENUE

8. Plaintiff's causes of action are admiralty and maritime claims within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333, and also arises under Federal Rule of Civil Procedure 9(h) as well as this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9. Venue is proper and appropriate for this action pursuant to Federal Rule of Civil Procedure 82 as this Court's admiralty jurisdiction has been invoked by Plaintiff and Defendants herein are subject to personal service and/or the provisions of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

## PLAINTIFF'S CAUSE(S) OF ACTION AGAINST DEFENDANTS MEDITERRANEAN SHIPPING COMPANY S.A. & H&M INTERNATIONAL TRANSP., INC.

10. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 9 of the within Verified Complaint In Admiralty in their entirety, as if set forth herein at length.

11. On or about June 30, 2013, Defendant MEDITERANEAN SHIPPING COMPANY S.A. issued or caused to be issued bill of lading number MSCUDZ573918 and/or other receipts for the transport by ocean of 300 bags of Fair Trade Organic Sumatra Arabica coffee stowed in container number GLDU3249019 that were to be loaded aboard the M/V DESPINA P on or about this same date at Belawan Port, Indonesia for transport to Singapore whereby same was to be trans-shipped aboard the MSC TOMOKO from Singapore to New York and subsequent discharge and delivery from Port Newark Container Terminal, Newark, New Jersey, in consideration of certain freight paid and received by said Defendant or persons acting on its behalf.

12. The subject cargo of coffee, more fully described in the said bill of lading, and/or receipts, was delivered to and received in good order and condition in container number GLDU3249019, by the Defendant MEDITERRANEAN SHIPPING COMPANY S.A., or persons acting on its behalf, at Belawan Port, Indonesia on June 28, 2013 and then loaded aboard the vessel DESPINA P on June 30, 2013 for water transport at which times said Defendant continued to exercised care, control and custody over the subject cargo through to the time of discharge and delivery in New Jersey.

13. Thereafter the vessel DESPINA P proceeded to Singapore whereby the subject cargo arrived on or about July 6, 2013. After being discharged in Singapore from the vessel DESPINA P, the subject cargo was then loaded aboard the Defendant vessel MSC TOMOKO on or before July 7, 2013 for ocean transportation from Singapore to the U.S. port of discharge of New York where said Defendant vessel arrived at Port Newark, New Jersey on or about July 31, 2013. Thereafter, Defendant MEDITERRANEAN SHIPPING COMPANY S.A. or those acting on its behalf or at said Defendant's direction caused the subject cargo to be discharged on or about July 31, 2013 and delivered same on or about August 7, 2013 from the Port Newark Container Terminal whereby it was transported by truck and received by Defendant H & M International Transportation, Inc. in Kearny, New Jersey whereby an exam was performed on August 9, 2013.

14. On August 13, 2013, Defendant H & M International Transportation, Inc. reported a shortage of 88 bags of from the manifested quantity of 300 bags from the subject container.

15. Plaintiff and its insured have duly performed all duties and obligations on their part to be performed.

## COUNT I – BREACH OF CONTRACT

16. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 of the within Verified Complaint in their entirety as if set forth herein at length.

17. Defendants' failure to transport, receive and/or deliver the subject container and cargos to consignee, cargo owner and Plaintiff's insured in the same good order, quantity and condition as received was caused by the Defendants and/or its sub-contractors', agents', and/or servants' breaches of contract owed to the shipper, consignee and/or owner of said cargos as carrier and/or warehouseman and/or exam station of same that resulted from their conduct or omissions to properly receive, store, load, stow, carry, transport, discharge, deliver and/or care for the subject cargo.

18. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $23,298.00.

## COUNT II – BREACH OF WARRANTY

19. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 of the within Verified Complaint in their entirety as if set forth herein at length.

20. Defendants' failure to transport and deliver the subject container and cargos to consignee, cargo owner and Plaintiff's insured in the same good order, quantity and condition as received was caused by the said Defendants and/or its sub-contractors', agents', and/or servants' breaches of warranty of workman-like service and/or performance owed to the shipper, consignee and/or owner of said cargos as carrier of same that resulted from their conduct or omissions to properly receive, store, load, stow, carry, transport, discharge, deliver and/or care for the subject cargo.

21. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $23,298.00.

## COUNT III – NEGLIGENCE

22.     Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 of the within Verified Complaint in their entirety as if set forth herein at length.

23.     As carrier, Defendant MEDITERRANEAN SHIPPING COMPANY S..A. and its sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including storage, loading, stowage, carriage, transport, discharge and delivery

24.     As carrier, warehouseman and/or a container exam station, Defendant H & M INTERNATIONA TRANSP., INC. and its sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including storage, loading, stowage, carriage, transport, receiving, examining and/or delivery.

25.     The failure to transport and deliver the subject containerized cargos in the same good order, quantity and condition as received is a breach of Defendants' duties and obligations of care as carrier, warehouseman, container exam station, as the case may be, and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

26.     By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $23,298.00

## COUNT IV – BREACH OF BAILMENT

27. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 of the within Verified Complaint in their entirety as if set forth herein at length.

28. Defendant MEDITERRANEAN SHIPPING COMPANY S.A. and Defendant H & M INTERNATIONAL TRANSP., INC. took possession and exercised care, custody and control of the subject container and cargos at certain times described herein which constituted a bailment of same.

29. Defendant MEDITERRANEAN SHIPPING COMPANY S.A's failure to transport and deliver the entrusted subject cargos to destination and return possession, care, custody and/or control of said cargos to its owners/bailors constituted a breach of bailment and was a violation of its duties and obligations as bailee.

30. Defendant H & M INTERNATIONAL TRANSP., INC. failure to transport, receive, store, examine and deliver the entrusted subject cargos and to return possession, care, custody and/or control of said cargos to its owners/bailors constituted a breach of bailment and was a violation of its duties and obligations as bailee

31. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $23,298.00.

## PLAINTIFF'S CAUSE(S) OF ACTION AGAINST
## DEFENDANT VESSEL MSC TOMOKO

32. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 15 of the within Verified Complaint In Admiralty in their entirety, as if set forth herein

at length.

33. The Defendant Vessel having received the subject cargo on board for discharge and delivery at New York – Port Newark, New Jersey ratified any and all legal duties and obligations owed with respect to the subject shipment to deliver the subject cargo in the same good order, quantity and condition as received at Belawan to destination.

## COUNT I – BREACH OF CONTRACT

34. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 32 through 33 of the within Verified Complaint in their entirety as if set forth herein at length.

35. Defendant Vessel's failure to transport and deliver the subject container and cargos to destination in the same good order, quantity and condition as received at Belawan was caused by the Defendant and/or Defendants' sub-contractors', agents', and/or servants' breaches of contract owed to the shipper, consignee and/or owner of said cargos as carrier of same that resulted from their conduct or omissions to properly receive, store, load, stow, lash, carry, transport, discharge, deliver and/or care for the subject cargo.

36. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $23,298.00.

## COUNT II – BREACH OF WARRANTY

37. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 32 and 33 of the within Verified Complaint in their entirety as if set forth herein at length.

38. Defendant Vessel's failure to transport and deliver the subject container and cargos to destination in the same good order, quantity and condition as received at Belawan was caused by the said Defendant and/or Defendant's sub-contractors', agents', and/or servants' breaches of warranty of workman-like service and/or performance owed to the shipper, consignee and/or owner of said cargos as carrier of same that resulted from their conduct or omissions to properly receive, store, load, stow, lash, carry, transport, discharge, deliver and/or care for the subject cargo.

39. By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $23,298.00.

## COUNT III – NEGLIGENCE

40. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 32 and 33 of the within Verified Complaint in their entirety as if set forth herein at length.

41. Defendant Vessel and said Defendant's sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including storage, loading, stowage, lashing, carriage, transport, discharge and delivery.

42. The failure to transport and deliver the subject containerized cargos in the same good order, quantity and condition as received is a breach of Defendant Vessel's' duties and obligations of care as carrier and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

43. By reason of the premises, Plaintiff has sustained damages as nearly as same can

estimated, no part of which has been paid although duly demanded, in the amount of $23,298.00.

## COUNT IV – BREACH OF BAILMENT

44.     Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 32 and 33 of the within Verified Complaint in their entirety as if set forth herein at length.

45.     Defendant Vessel took possession and exercised care, custody and control of the subject container and cargos at Singapore and thereafter which constituted a bailment of same.

46. Defendant Vessels' failure to transport and deliver the entrusted subject cargos to destination and return possession, care, custody and/or control of said cargos to its owners/bailors constituted a breach of bailment and was a violation of its duties and obligations as bailee.

47.     By reason of the premises, Plaintiff has sustained damages as nearly as same can estimated, no part of which has been paid although duly demanded, in the amount of $23,298.00.

WHEREFORE, Plaintiff demands:

1.     That process and warrant for a maritime arrest, attachment and/or garnishment according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction *in rem*, may issue against the Defendant Vessel and that all persons having or claiming an interest therein may be cited to appear and answer, the matters aforesaid upon application for same by Plaintiff;

2.     That process in due form of law according to the practice of this Court may issue

against the named Defendants;

3. That if any of the Defendants cannot be found within this District, that all of their property within this District, as shall be described in a subsequent affidavit, be attached in the sum set forth in this Verified Complaint In Admiralty pursuant to the rules and practices of this Court pertaining to maritime attachment and/or garnishment, with interests and costs;

4. That a decree and judgment may be entered in favor of Plaintiff against the Defendants individually, jointly, or severally for the amount of Plaintiff's total damages pleaded herein or to be established at trial, together with pre-judgment and post-judgment interest and taxable costs; and

5. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

                                                                        s/ Timothy D. Barrow
                                                                        TIMOTHY D. BARROW
                                                                        Attorney for Plaintiff

Dated: July 31, 2014
        Lebanon, New Jersey

## ATTORNEY VERIFICATION/CERTIFICATION

I, TIMOTHY D. BARROW, an Attorney at Law of the State of New Jersey and a Member of the Bar of this Court verify, certify, and say:

I am the attorney for the Plaintiff herein; I have read the foregoing Verified Complaint In Admiralty and know the contents thereof; and that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

The reason this Verification/Certification is made by undersigned counsel and not by Plaintiff is that Plaintiff's corporate officers and/or managers familiar with this matter are not now present within this District. In light of these circumstances, I have been authorized by Plaintiff to make this Verification on their behalf.

The sources of my information and the grounds for my belief as to those matters stated in the Verified Complaint In Admiralty, to be alleged on information and belief, are documents and records in my file and communications with my client and its representatives.

I hereby verify and certify that the foregoing statements made by me are true. I am aware that if any of these statements made by me are willfully false, I am subject to contempt of Court.

                                                  s/ Timothy D. Barrow  
                                                  TIMOTHY D. BARROW  
                                                  Attorney at Law – State of New Jersey

DATED: July 31, 2014  
              Lebanon, New Jersey